UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRI SCHMIDT<br>AND ANDREW SCHMIDT,<br><br>    Plaintiffs,<br><br>v.<br><br>JOSEPH M. FLESCH,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 4:05CV1498 HEA<br>)<br>)<br>)<br>) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand [#13]. Defendant opposes the motion and has filed a written response thereto. For the reasons set forth below, Plaintiffs' motion is denied.

### Facts and Background

Plaintiffs, husband and wife, originally filed two separate law suits in the Missouri Circuit Court of the City of Saint Louis based on injuries they sustained in an automobile accident. Plaintiffs' petitions both alleged that Defendant's carelessness and negligence in the operation of his motor vehicle on October 5, 2001 resulted in a collision with Plaintiffs' car. Plaintiffs' petitions each claim personal injuries and loss of consortium derived from each spouse's personal

injuries. Neither petition alleged damages in a specific dollar amount. Defendant removed both petitions to this Court based on diversity of jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441. Both plaintiffs are residents of Missouri; Defendant is a resident of Wisconsin. Defendant also filed a motion to consolidate the two law suits, which was granted.

Plaintiffs move to remand, arguing that this Court lacks subject matter jurisdiction over Andrew Schmidt because he does not meet the amount in controversy requirement of 28 U.S.C. § 1332, which requires the amount in controversy to exceed the sum or value of $75,000.00, exclusive of interests and costs. Plaintiff, Andrew Schmidt, submitted an affidavit stating that his medical expenses stemming from the accident currently total $13,795.06, and the total amount he seeks from Defendant is less than $75,000. Plaintiffs also argue that because Andrew Schmidt's loss of consortium claim is derivative of Terri Schmidt's personal injury claim, the consolidated case should be remanded in the interest of fairness and judicial economy. Plaintiffs do not challenge the amount in controversy requirement with regard to Terri Schmidt.

## Discussion

As the party seeking removal, defendant has the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assur. Co. of America*,

992 F.2d 181, 183 (8th Cir. 1993) (citation omitted).  There is complete diversity between plaintiffs and defendants in this case, and the amount in controversy with regard to Terri Schmidt is not challenged;  the Court has jurisdiction over Terri Schmidt's claims.  The issue to be determined is whether Defendant has met his burden to show that Andrew Schmidt's claims meet the amount in controversy requirement.

The Eighth Circuit Court of Appeals has described the burden on the Defendant as follows: "the burden thereafter [falls on defendant], as the party invoking federal jurisdiction to show by a preponderance of the evidence [that] the claims originally asserted by [the plaintiff] could, that is might, legally satisfy the amount in controversy requirement." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (citation omitted); *See also McCord v. Minn. Mutual Life Ins. Co.*, 346 F.3d 830, 834 (8th Cir. 2003) (holding that where the complaint alleges no specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, and the complaint will be dismissed if it appears to a legal certainty that the value of the claim is actually less than the required amount).

Defendant argues that Andrew Schmidt's claims meet the amount in controversy requirement because his petition seeks past medical expenses, future

medical expenses, lost wages, loss of future earnings, future physical and mental pain, property damage, and loss of consortium. Defendant also points to the settlement demand submitted on behalf of Andrew Schmidt in the amount of $225,000, as evidence of the amount in controversy. However, Plaintiffs contend that pre-suit settlement offers should not be factored into the determination of the amount in controversy, citing the *McCord* case where the Eighth Circuit declined to rule on whether a post-suit settlement offer alone is sufficient to meet the jurisdictional amount. *McCord*, 346 F.3d at 835.

In response, Defendant notes that this Court in *Gramc v. Miller Elevator Co./Schindler Enters.*, 3 F. Supp.2d 1082, 1084 (E.D. Mo. 1998) ruled that while the existence of a settlement demand is not dispositive of the issue of jurisdictional amount, a settlement demand may be relevant in determining the amount in controversy. Without considering the dollar amount requested in the settlement demand letter, the details of the injury suffered by Andrew Schmidt as described in the letter and how it has affected his life certainly merits consideration by this Court. The description by the medical doctors who examined him and the physical, mental, and possible future effects on his life and job represents Plaintiff's view and the value he places on his claims, and it is quite possible for Plaintiff's recovery in view of the description in his settlement demand letter, to exceed the jurisdictional

amount.

This Court finds Defendant's argument persuasive. Plaintiff, Andrew Schmidt, has not indicated the exact amount that he seeks to recover from Defendant, although he has filed an affidavit wherein he states that the total amount he seeks is less than $75,000. It is not clear whether this binds or limits plaintiff to an award in such amount. As plaintiff has not entered into a binding stipulation that the amount in controversy does not, and will not exceed the Court's jurisdictional amount in controversy, nor has he offered to do so, Plaintiff's arguments are dubious.

Plaintiff's allegations as to the amount in controversy, in consideration of his settlement demand and the pleadings, do not firmly establish to a legal certainty that the amount is not in excess of $75,000. Defendant has shown by a preponderance of the evidence that Andrew Schmidt's verdict may reasonably exceed $75,000. As such, Defendant properly removed this matter. Because the Court finds that Plaintiff, Andrew Schmidt's claims meet the amount in controversy requirement, and because Plaintiffs do not challenge the amount in controversy requirement with regard to Terri Schmidt, there is no need to decide the issue of severing the law suit. This Court has jurisdiction over both Plaintiffs' claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, [#13], is denied.

Dated this 13th day of April, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE